Helena L. Hall, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROSANNA LEE DICKENS,

                Plaintiff,

v.

PRINCESS CRUISES d/b/a PRINCESS
TOURS,

                Defendant.

Case No. A05-143 CV

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PUBLIC POLICY CLAIM**

COMES NOW defendant Princess Tours and respectfully requests that

this court dismiss with prejudice plaintiff's Third Cause of Action, Wrongful

Discharge in Violation of Public Policy (Paragraphs 103 to 107 of the Complaint).

Plaintiff Rosanna Dickens filed this case against Princess Tours

("Princess") her former employer.  The Complaint in this case asserts five causes

of action.  Only three of these are relevant to this motion.  The First Cause of

Action alleges that plaintiff was subjected to a hostile environment in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

AS 18.80.220. (Complaint at ¶¶ 82-94.) The Second Cause of Action alleges plaintiff's termination was retaliation in violation of Title VII and AS 18.80. (Complaint at ¶¶ 95-102.) The Third Cause of Action alleges a violation of public policy. (Complaint at ¶¶ 103-107.) Princess respectfully requests that this Third Cause of Action be dismissed under Federal Rule of Civil Procedure 12(b)(6) as it fails to state a claim upon which relief can be granted by this court. Specifically, plaintiff is asking this court to recognize a public policy tort that under both federal and state law is barred because it is based upon the public policy found in statutes that already provide a private right of action.

## I.    BACKGROUND

In the summer of 2004, Rosanna Dickens worked for Princess Tours as a Food Server on the Midnight Sun Express, the luxury railroad tour that Princess operates between Anchorage and Fairbanks. Dickens was employed in this position for approximately three months from May 2004 until August 2004. (Complaint at ¶¶ 6 and 55.) This was a seasonal position. (*Id.*) Plaintiff alleges that during her employment she was subjected to sexual harassment by a co-worker and that she was terminated for complaining about this alleged harassment. (Complaint at ¶¶ 82-102.) Plaintiff has asserted claims for hostile environment sexual harassment and for retaliation under Title VII of the Civil Rights Act of 1964 and AS 18.80.220. (Complaint at ¶¶ 82-102.) Plaintiff has also asserted a tort claim in which she alleges that her termination violated the public policies found in AS 18.80 and Title VII. She premises this claim on the same factual allegations that she relied upon to support her claims brought under AS 18.80 and

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                              - 2 -                    [24197-0026-000000/AA060100.015]

Title VII.  (Complaint at ¶¶ 103-107.)

## II.    ARGUMENT

### A.    Dickens Asks The Court To Recognize A Common Law Public Policy Tort Claim Premised On AS 18.80 and Title VII.

Princess denies that Dickens was subjected to illegal harassment or retaliation and Princess is confident that it will prevail on summary judgment on Dickens' claims.  However, regardless of whether plaintiff's harassment and retaliation claims are viable, her public policy claim is not, as a matter of law, viable.  Even if each of the allegations made by Dickens in her extensive complaint is taken as true, the Third Cause of Action should be dismissed with prejudice, as a matter of law, under Federal Rule of Civil Rule 12(b)(6) or, in the alternative, Rule 56.  *See* Federal R. Civ. Pro. 12(b)(6); Federal R. Civ. Pro. 56.

The Alaska Supreme Court has held that the covenant of good faith and fair dealing prohibits discharges that violate fundamental principles of public policy.  *Luedtke v. Nabors Alaska Drilling*, 708 P.2d 1123, 1130 (Alaska 1989) (*Luedtke I*).  Public policy may be found in the state constitution, statutes, or common law.  *See Luedtke 1*, 708 P.2d at 1130; *State v. Haley*, 687 P.2d 305 (Alaska 1984).  In *Kinzel v. Discovery Drilling, Inc.*, the Court stated that such public policy covenant of good faith and fair dealing claims may be treated as tort claims.  93 P.3d 427, 438 (Alaska 2004).  Thus, it must be assumed that Dickens' "wrongful discharge in violation of public policy" claim is really a common law covenant of good faith and fair dealing public policy tort claim.

Dickens contends that AS 18.80 and Title VII provide the public policies that her termination allegedly violated.  She states, "The retaliatory conduct of

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                        - 3 -                      [24197-0026-000000/AA060100.015]

Defendant described above violates well established public polices which prohibit discrimination or retaliation against employees for complaining about gender discrimination or sexual harassment in the workplace." (Complaint at ¶ 104.)  In the paragraphs "above," Dickens asserts that her termination, "constitutes discrimination or retaliation in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 964 (as amended), 42 U.S.C. § 2000e-3(a), and AS 18.20.220 (a)(4)." (Complaint at ¶ 96.)

To date, the Alaska Supreme Court has only recognized public policy tort claims based upon the retaliation provision of the Worker's Compensation Act, retaliation provision of OSHA, and a series of statutes protecting persons from retaliation for testifying as a witness in a legal proceeding. *See Reust v. Alaska Petroleum Contractors, Inc.,* Supreme Court Op. No. 5951 at p. 8-9 (Alaska, October 28, 2005).  Thus, Dickens is asking this court to recognize a new state common law claim based upon a violation of the public policy found in AS 18.80 and Title VII.  This claim should be rejected because AS 18.80 and Title VII already provide comprehensive remedial schemes that include a private right of action. *See* AS 18.80.220; AS 22.10.020; 42 U.S.C. § 2000e-5.

**B.     Dickens' Public Policy Tort Claim Should Be Dismissed.**

**1.     The public policy which Dickens alleges was violated is derived from AS 18.80 and Title VII, statutes that already include comprehensive and adequate remedial schemes.**

Alaska law already protects the public policy against sex discrimination/sexual harassment with a comprehensive legislative scheme under which Dickens herself seeks relief. (*See* Complaint at ¶¶ 82-102.)  The Alaska

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                              - 4 -                    [24197-0026-000000/AA060100.015]

Human Rights Act, AS 18.80, creates a cause of action for sex discrimination and

retaliation and provides a comprehensive set of remedies for discrimination and

retaliation.  AS 22.10.020(i).[1]  The Alaska Supreme Court has held that

sufficiently severe and pervasive hostile environment sexual harassment is

actionable under AS 18.80.220 as a form of sex discrimination.  *French v. Jadon,*

*Inc.*, 911 P.2d 20, 28 (Alaska 1996).  The Alaska Supreme Court has consistently

noted that the Act provides victims of discrimination with an adequate and

comprehensive remedy.

> The language of [AS 22.10.020(c)] is clearly intended to
> provide a litigant complete relief in an appropriate case.  In
> view of the strong statement of purpose in enacting AS
> 18.80, and its avowed determination to protect the civil
> rights of all Alaskan citizens, we believe that the
> legislature intended to put as many 'teeth' into this law as
> possible.

*See Johnson v. Alaska Dep't. of Fish & Game*, 836 P.2d 896, 914 (Alaska 1991)

(quoting *Loomis Elec. Protection Inc. v. Schaefer*, 549 P.2d 1341, 1343 (Alaska

1976)).

   Title VII similarly protects the public policy against sex

discrimination/sexual harassment with a comprehensive legislative scheme under

which Dickens herself seeks relief.  (*See* Complaint at ¶¶ 82-102.)  Title VII. too,

creates a cause of action for sex discrimination and retaliation and provides a

---

[1] AS 22.10.020(i) provides:  "The superior court is the court of original
jurisdiction over all causes of action arising under the provisions of AS 18.80.  A
person who is injured or aggrieved by an act, practice, or policy which is
prohibited under AS 18.80 may apply to the superior court for relief."

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                      - 5 -                    [24197-0026-000000/AA060100.015]

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

comprehensive set of remedies for discrimination and retaliation.  *See* 42 U.S.C. §§ 2000e-4 & 2000e-5.  Federal courts, including the United States Supreme Court, regularly describe Title VII as not only providing, but requiring "complete relief."  *See, e.g., International Broth. Of Teamsters v. U.S.*, 431 U.S. 324 (1977).

> **2.     Public policy claims cannot be based upon statutes that provide a comprehensive remedial scheme.**

This court should refuse to recognize a state common law public policy claim based upon AS 18.80 or Title VII.  The Alaska Supreme Court has held that statutes that already provide a private right of action or other comprehensive remedial scheme cannot give rise to a common law public policy claim.  *See Reust v. Alaska Petroleum Contractors, Inc.,* Supreme Court Op. No. 5951 at p. 9 (Alaska, October 28, 2005); *Walt v. State*, 751 P.2d 1345, 1352-53 (Alaska 1988) (noting that courts hold that where a statute provides a comprehensive remedial scheme, a common law cause of action for violation of public policy cannot be implied from the statute).   Under state law only statutes which do not include a private right of action can be the basis for a common law action for violation of public policy. *See Reed v. Municipality of Anchorage*, 782 P.2d 1155 (Alaska 1989) (where State OSHA statute protecting whistleblowers does not provide a statutory private right of action, a common law claim for breach of the covenant of good faith and fair dealing is not precluded because, otherwise, there would be no opportunity for relief).

The Alaska Supreme Court in *Reust v. Alaska Petroleum Contractors, Inc.,* a very recent case, made it very clear that this principal should be applied to bar public policy claims that rely on AS 18.80.  In *Reust,* the Court expressly

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                              - 6 -                        [24197-0026-000000/AA060100.015]

noted that it would have serious concerns about recognizing a public policy claim

based upon the public policy found in AS 18.80 (the Alaska Human Rights Act).

In *Reust*, the plaintiff had alleged that he was terminated in retaliation for

testifying as a witness.  Supreme Court Op. No. 5951 at pp. 7-9.  The Court held

that based on a number of statutes, Alaska does have a public policy protecting

witnesses from retaliation.  *Id.* at 8-9.  However, the Court went on to state:

> If, for instance, Reust had been fired for testifying in a
> proceeding under the Alaska Human Rights Act (AHRA),
> we would be reluctant to recognize a cause of action in this
> case.  The AHRA provides its own cause of action, AS
> 22.10.020(i), and **we have typically declined to recognize
> independent torts based on contravention of public
> policy where there are adequate legal alternatives**. *See,
> e.g., Walt v. State,* 751 P.2d 1345, 1353 n.16 (Alaska 1988)
> (refusing to recognize independent tort for violation of
> public policy where statutes and collective bargaining
> agreement provided comprehensive scheme for employee
> rights and remedies).

*Reust*, Supreme Court Op. No. 5951 at 9 (emphasis added).

The Alaska Supreme Court's refusal to recognize common law public

policy causes of action based on statutes which provide legal alternative is not

unique.  A number of courts, including the United States Supreme Court, have

recognized that the judiciary has limited authority to recognize common law

causes of action where statutory remedies already exist.  In *Bush v. Lucas*, 462

U.S. 367 (1983), the first Supreme Court case to address this issue, a federal

employee was fired after making public remarks critical of his employer, the

National Aeronautics and Space Administration ("NASA").  Without reaching the

merits of his First Amendment free speech claim, the Supreme Court refused to

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                    - 7 -                    [24197-0026-000000/AA060100.015]

recognize a non-statutory remedy where "there was an elaborate, comprehensive scheme . . . by which improper action may be redressed." *Id*. at 385.  Where there is a remedial system carefully crafted by Congress, the courts should defer to "Congress' ability to make an evenhanded assessment of the desirability of creating a new remedy for federal employees. . . ." *Id*. at 389.  In the absence of authorization by Congress, the Supreme Court declined to fashion a common law remedy.

The Supreme Court subsequently expanded the *Bush* analysis holding in *Schweiker v. Chilicky*, 487 U.S. 412 (1988), that even an incomplete statutory remedy rendered a "Bivens" (a non-statutory remedy based on a violation of the Constitution) cause of action unavailable.  In *Schweiker*, Social Security Disability recipients alleged state and federal officials had adopted illegal policies that caused the wrongful termination of their benefits.  Plaintiffs sued on a constitutional tort theory, claiming a violation of their due process rights. Although the Court recognized that the statutory remedies were limited, it denied the plaintiffs' claim for relief.  The Court reasoned that "[t]he presence of alleged unconstitutional conduct that is not separately remedied under the statutory scheme [does not] imply that the statute has provided 'no remedy' for the constitutional wrong at issue."  *Id.*, at 227-28 (1988).  The Court focused upon the fact that Congress had provided for some relief and deferred to Congress's decision to limit the relief available.  *Id.*

The Ninth Circuit has applied this principal to preempt common law claims even where there is only a partial remedy available for the alleged wrong. The court held that although a Veterans Administration physician was not

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                  - 8 -                    [24197-0026-000000/AA060100.015]

guaranteed full and independent compensation under statutory and administrative

provisions, the remedies do indicate a congressionally-authorized remedial scheme

sufficient to preclude additional forms of relief. *See Berry v. Hollander*, 925 F.2d

311, 313-315 (9th Cir. 1991). Again, the focus of this case was on the existence of

a remedial scheme "that provides a measure of relief," not whether the employee

could obtain all forms of relief available for common law torts. *Id.* at 314.

Other state supreme courts have similarly refused to allow plaintiffs to

assert common law public policy claims based upon the public policy found in

state discrimination statutes that already include remedial schemes. For example,

the Massachusetts Supreme Court, in a case previously relied upon by the Alaska

Supreme Court, refused to imply a common law remedy for conduct that

contravened the public policy against age discrimination set forth in a

Massachusetts age discrimination statute. *Melley v. The Gillette Corporation*, 475

N.E.2d 1227, 1228-29 (Mass. 1985).[2] Similarly, the Supreme Court of Iowa has

found that the Iowa discrimination statute prohibiting religious discrimination was

the exclusive remedy for religious discrimination or harassment and bars any

public policy tort based upon religious discrimination. *Vaughn v. AG Processing,*

*Inc.*, 459 N.W.2d 627, 638 (Iowa 1990); *see, also, Burnham v. Karl & Gelb, P.C.*,

745 A.2d 178, 183 (Conn. 2000) (holding that public policy claims are precluded

---

[2] Special attention should be given to the reasoning in *Melley*. The Alaska
Supreme Court has already adopted the U.S. Supreme Court's language in *Bush v.*
*Lucas*, and the Massachusetts Supreme Court's reasoning in *Melley*, to hold that a
plaintiff's common law tort based on a violation of public policy was barred by the
plaintiff's collective bargaining agreement. *Walt v. State*, 751 P.2d 1345, 1353
(Alaska 1988).

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                    - 9 -                    [24197-0026-000000/AA060100.015]

where the statute upon which the claim is based includes a remedy for employees harmed by the conduct prohibited by the statute); *Thomas v. National Ass'n of Letter Carriers*, 225 F.3d 1149 (Kan. 2000) (because Title VII provides adequate remedy for religious discrimination in employment, an employee could not assert a public policy claim based upon religious discrimination); *Cook v. Lindsay Olive Growers*, 911 F.2d 233 (Cal. 1990) (employee's public policy tort claim was preempted by the California Fair Employment and Housing Act); *Corbin v. Sinclair Marketing, Inc.*, 684 P.2d 265 (Colo. App. 1984) (holding that a public policy exception is not available where the statute in question provides the employee with a wrongful discharge remedy).

> **3.**   **Recognizing a public policy tort based upon AS 18.80 and Title VII would undermine, not give effect to, the policy behind these statutes.**

There are policy reasons for prohibiting common law claims based upon the public policy found in statutes that already provide remedial schemes. First, the use of discrimination laws as a basis for any public policy tort is actually *counter* to public policy as expressed through the legislature's intent because it may undermine the very statute upon which it is premised.

> The use of discrimination laws as the basis for a public policy exception has the potential to expand greatly the available remedies. Furthermore, because of this expansion of remedies, it would seem that employees would be encouraged to circumvent or ignore the very statutes on which the public policy exception is based.

*List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1015 (Okla. 1996), (quoting, L. Larson, *Unjust Dismissal* § 6.10[6][e], at 6-91 (1989)).

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                      - 10 -                    [24197-0026-000000/AA060100.015]

Second, as the Supreme Court noted in *Bush,* legislatures have carefully crafted remedial systems that balance numerous competing interests. Therefore, where there is a remedial system, the courts should defer to "Congress' ability to make an evenhanded assessment of" these interests and create an appropriate system. 462 U.S. at 389. "[S]ound policy dictates that the statutory remedial scheme be adhered to since we can presume that the legislature would have provided additional relief in the statute if it though it necessary." *Burnham*, 745 A.2d at 185. Further, allowing full tort damages to be claimed in the name of vindicating the statutory public policy goals upsets the balance between right and remedy struck by the Legislature in establishing the very policy relied upon." *Marshall v. OK Rental & Leasing, Inc.*, 939 P.2d 116, 1121-22 (Okla. 1997), *quoting*, *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 190 (Md. 1989) (holding that the plaintiff had an adequate statutory remedy for a sex discrimination claim against Sherwin-Williams, and a tort remedy was unwarranted).

If plaintiffs were allowed to recover under both statutory law and the common law (using the public policy aspect of the covenant of good faith and fair dealing), then the legislature's intent and carefully crafted statutory scheme would be lost. The statutory law would be subsumed by the less burdensome common law.

Thus, to the extent Dickens has asserted this public policy claim because she either believes she will have an easier time proving a public policy claim than the claim she asserts under AS 18.80 or Title VII or to the extent she believes she can get damages for such a claim that are not otherwise available, she is doing exactly what the courts have cautioned against.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                          - 11 -                    [24197-0026-000000/AA060100.015]

The Alaska Supreme Court has, in an analogous situation, rejected attempts to circumvent statutes by relying on contracts which incorporate the statutes. *Gore v. Schlumberger Ltd.*, 703 P.2d 1165 (Alaska 1985). In *Gore*, the court held that punitive damages are not available for a violation of the Alaska Wage and Hour Act ("AWHA") because the AWHA "prescribes with comprehensive specificity the remedies available for its violation," which do not include punitive damages. *Id.* In *Gore*, the plaintiff attempted to circumvent this damage limitation by arguing that because the provisions of the AWHA are incorporated into every employment contract, he had a breach of contract claim for failure to pay overtime in violation of the AWHA which, if willful, would entitle him to punitive damages. The court rejected this attempt to avoid the Act's limitations. The court should similarly reject any attempts by Dickens to circumvent AS 18.80 and/or Title VII.

### III.    CONCLUSION

When Dickens asks this court to recognize a public policy claim premised upon a violation of AS 18.80 and Title VII, she contradicts the wisdom of the Alaska Supreme Court, U.S. Supreme Court and numerous other courts. For the foregoing reasons, defendant Princess Tours respectfully requests that this motion for partial summary judgment be granted and Rosanna Dickens's Third Cause of Action be dismissed with prejudice.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                                    - 12 -                    [24197-0026-000000/AA060100.015]

DATED at Anchorage, Alaska, this 31st day of January, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant


By    s/ Helena L. Hall
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
Phone:  (907) 279-8561
Fax:  (907) 276-3108
E-mail:  hhall@perkinscoie.com
Alaska Bar No. 9705015

I hereby certify that on January 31, 2006,
a copy of the foregoing Proposed Order
on Motion and Memorandum in Support
of Motion to Dismiss Public Policy
Claim was served by regular U.S. mail
on Laurel K. Tatsuda, Law Office of
Laurel K. Tatsuda, P.O. Box 221829,
Anchorage, Alaska 99522

s/ Helena L. Hall

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PUBLIC POLICY
CLAIM                               - 13 -                    [24197-0026-000000/AA060100.015]