Laurel K. Tatsuda, Esq.
Alaska Bar No. 9111103
Law Office of Laurel K. Tatsuda
733 W. Fourth Ave., Suite 400
P.O. Box 221829
Anchorage, AK. 99522

Phone: (907) 277-8080
Fax:   (907) 277-8881

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSANNA LEE DICKENS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>PRINCESS CRUISES d/b/a<br>PRINCESS TOURS<br><br>　　　　Defendant. | CIVIL NO. A05-0143 CV (JWS) |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order will protect the confidential information produced by the parties during the course of the above-captioned litigation. The parties stipulate and agree as follows:

1. "Confidential Information" exchanged in this litigation will be used solely for purposes of this litigation. "Purposes of litigation" means preparation for and conduct of discovery, hearing, or trial of matters relating to the above-captioned litigation and any appeals therefrom.

Stipulated Protective Order
Page 1 of 7

*Dickens v. Princess Cruises et al.*
Case NO. A05-143 IV (JWS)

2. "Confidential Information" means: (a) proprietary or confidential business, trade, trade secret, customer, marketing or financial information which is not generally known other than by Princess Cruises or Princess Tours (hereinafter "Princess Tours"); b) information obtained from personnel files of current or former Princess Tours employees; or (c) other confidential information not normally available or readily accessible to the public that a party has maintained as confidential and is produced by that party during the course of this litigation.

3. Information exchanged in this litigation which a producing party determines to be protected from disclosure under this Stipulated Order shall be designated as "Confidential Information" by placing the legend "Confidential" on the first page of the document and on each subsequent page where the protected information appears, prior to its production.

4. Testimonial responses taken during a deposition, which a party determines to be protected from disclosure by this Stipulated Order, shall be designated as "Confidential Information" within five (5) business days of receipt of the transcript of the deposition by designating specific pages and lines of the transcript as "Confidential."

5. A party's designation of a document or testimonial response as "Confidential" represents a good faith determination by the party, after review by an attorney, that there exists a reasonable basis and good cause for believing that the document or testimony contains "Confidential Information" that is protected from disclosure under this Stipulated Order.

6. Unless and until otherwise ordered by the Court, and except as otherwise provided by this Stipulated Order, Confidential Information shall be retained as confidential by the parties and their counsel and shall be disclosed only to the following persons:

(a). The named parties or their designated client representatives;

(b).  Counsel for the parties to this litigation, including counsel of record, in-house counsel, co-counsel and employees of counsel who are employed or contracted in connection with preparation for and trial of this litigation;

(c).  Experts and consultants retained to furnish technical or expert services or give testimony in connection with this litigation, including independent experts and consultants, employees or clerical assistants of said experts or consultants performing work in connection with this litigation, and after their agreeing in writing to maintain the confidentiality of the information as provided by this Stipulated Order by executing an Agreement in the form attached hereto as *Exhibit A*.

(d).  Witnesses or prospective witnesses, to prepare for or give testimony in this litigation or to assist counsel in performing work in connection with this litigation, and after their agreeing in writing to maintain the confidentiality of the information as provided by this Stipulated Order by executing an Agreement in the form attached hereto as *Exhibit A*;

(e).  Any person who authored or previously received the information;

(f).  The Court, its clerks and secretaries; any person testifying at a deposition, hearing or trial of this action; and any court reporter retained to record testimony at any deposition, hearing or trial in this litigation.

7.  If any party uses Confidential Information at a deposition, the Confidential Information shall be disclosed only to persons identified in paragraph 6 hereof, the court reporter and the witness attending the deposition. The witness shall be instructed that he/she is bound by this Order, and is not to be given a copy of any confidential documents to take away from the deposition.

8.  If any party wishes to attach to its motion papers, or otherwise submit to the Court, another party's Confidential Information, such papers or submissions shall be filed in accordance with D.Ak. LR 5.2.1, D.Ak. LR 5.3, and the E-Government Act of

2002, and shall not be disclosed to any person other than as permitted by this Stipulated Order or the Court. Any sealed envelope or other appropriate sealed container shall contain a statement substantially in the following form:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(c)**
**IN CASE NO. A05-0143 CV (JSW)**

9. Subject to the rules of evidence, Confidential Information may be offered at trial or any court hearing upon reasonable notice of the intention to do so or with the approval of the Court. Nothing in this Stipulated Order shall prohibit or waive any party's right to seek the Court's protection of Confidential Information from disclosure to the public at trial or otherwise.

10. Within sixty (60) days of the entry of a final, non-appealable order or other termination of the above-captioned action, each party shall, at its election either (a) destroy all Confidential Information, including copies thereof, in its possession, custody or control, and provide to counsel for the party who produced that information written statement attesting to such destruction; or (b) return all Confidential Information, including all copies thereof in its possession, custody or control, to counsel for the party that produced the Confidential Information and provide the producing party a written statement attesting to such return.

11. Nothing in this Stipulated Order shall impose any restrictions on any party's use of its own Confidential Information or discovery material. Nor shall this Stipulated Order impose any restrictions on a party's use of information or documents that were not received from the opposing party during this litigation.

12. This Stipulated Order does not limit any right of any party to seek a determination by the Court of whether designated discovery material constitutes "Confidential Information;" it does not preclude any party from seeking or obtaining

from the Court, on an appropriate showing of good cause, additional protection or an order compelling discovery pursuant to applicable court rules and law, including, without limitation, an order that the documents or information should or should not be produced or otherwise discovered or should or should not be kept confidential.

13. The parties agree that this Stipulated Protective Order shall take effect on the date of its execution by the parties to the same extent as if it had been entered by the Court.

\\\\\\\\\\

LAW OFFICE OF LAUREL K. TATSUDA
Attorneys for Plaintiff

March 10, 2006
Date

By: /s/ Laurel K. Tatsuda
Laurel K. Tatsuda
Alaska Bar No. 9111103

PERKINS COIE, LLP
Attorneys for Defendant

3/13/06
Date

By: /s/ Helena L. Hall
Helena L. Hall
Alaska Bar No. 9705015

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSANNA LEE DICKENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRINCESS CRUISES d/b/a<br>PRINCESS TOURS<br><br>　　　　Defendant. | CIVIL NO. A05-0143 CV (JWS) |

EXHIBIT A

AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER

　　I, _____ hereby acknowledge that I have received and read a copy of the Protective Order entered in the above-captioned action and understand the limitations it imposes on the use and disclosure of information designated as "Confidential." I agree to be bound by all of the terms of such Protective Order.

_____  　　　　　　　　　　_____
Date  　　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Address

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Phone: _____

Stipulated Protective Order　　　　　　　　　　　　　　　　　　　　*Dickens v. Princess Cruises et al.*
Page 6 of 7　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case NO. A05-143 IV (JWS)

**PROPOSED ORDER**

The Stipulated Protective Order in Case No. A05-143 Civil is so Ordered.

Date: _____          _____
                                  John W. Sedwick,
                                  Judge of the United States District Court